UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PHILLIP ANDERSON (#305307), Plaintiff | CIVIL ACTION NO. 1:17-CV-1042-P |
| VERSUS | JUDGE DEE D. DRELL |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Phillip Anderson ("Anderson") (#305307). Anderson has been granted leave to proceed *in forma pauperis*. (Doc. 9). Anderson is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Anderson complains he was denied adequate dental care at Winn Correctional Center ("WCC") and RLCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

While housed at WCC, Anderson was diagnosed with gum disease. Anderson was referred to the oral and maxillofacial surgery clinic at University Health Shreveport ("UHS") for further assessment and treatment. (Doc. 6-1, p. 10). However, the DOC denied the referral and advised that Anderson be brought to a

walk-in clinic for assessment. (Doc. 6-1, p. 10). Pursuant to the DOC's suggestion, WCC sent Anderson to a walk-in clinic for assessment. The clinic scheduled Anderson for the following month, and the DOC gave approval for the appointment. (Doc. 6-1, p. 10).

The response to Anderson's grievance from WCC indicates that Anderson did not file any sick calls due to pain and suffering following his diagnosis, and that Anderson should use the sick call procedure if he needs pain medications. (Doc. 6-1, p. 10). It does not appear that Anderson appealed the denial of his grievance.

Prior to Anderson's scheduled appointment with the outside clinic, he was transferred to RLCC, where a dentist, Dr. Hill, determined that he could treat Anderson's gum disease. (Doc. 6, p. 4). Dr. Hill cancelled Anderson's appointment with the outside clinic. (Doc. 6, p. 4). Anderson complains that Dr. Hill has not properly treated his gum disease, and recommends extraction of all of Anderson's teeth. (Doc. 6, p. 4).

II.  <u>Law and Analysis</u>

   A.  <u>Anderson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Anderson is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Anderson's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Anderson's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

2

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Anderson cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Anderson named as defendants the DOC, Secretary James LeBlanc, WCC Warden James Deville, and Keith Deville. (Doc. 1). Anderson has not presented

allegations indicating that the listed defendants have refused to treat him or ignored his complaints. To the contrary, WCC sought permission to take Anderson to the UHS oral and maxillofacial surgery clinic. (Doc. 6-1, p. 10). Although the DOC denied the request, it suggested sending Anderson to an outside clinic. (Doc. 6-1, p. 10). WCC arranged the appointment. WCC officials also advised Anderson to utilize the sick call system if he needed pain medication. (Doc. 6-1, p. 10). There is no indication that WCC, or any of its officers or employees, acted with deliberate indifference to any of Anderson's serious medical needs.

Although not listed as a defendant, Anderson also complains that Dr. Hill is improperly treating the gum disease. To the extent that Anderson intended to name Dr. Hill as a defendant, his claim fails. Dr. Hill obviously disagreed with the opinion of the WCC doctor and the clinic that assessed Anderson. However, a disagreement between doctors does not constitute deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999) (doctor did not act with deliberate indifference when he did not follow a local surgeon's recommendation that the inmate be transferred to another facility to receive physical therapy); Muse v. Warner, 1993 WL 543340 (5th Cir. Dec. 15, 1993) ("The disagreement in diagnosis between the initial doctor and the subsequent doctors does not equal denial of medical care or show deliberate indifference."). Even if Dr. Hill is negligent in his treatment of Anderson, such conduct does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 333–34 (1986); Davidson v. Texas Dept. of Criminal Justice, 91 F. App'x 963, 965 (5th Cir. 2004) (citing Stewart, 174 F.3d at 534).

C. The DOC is immune from suit.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. See Edelman v. Jordan, 415 U.S. 659 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims under § 1983. See Fitzpatrick v. Bitzer, 427 U.S. 445 (1976); Edelman v. Jordan, 415 U.S. at 672. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.

Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the DOC as an agency of the state and to the institutions it maintains. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999).

III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Anderson's complaint be **DENIED** and **DISMISSED with prejudice** under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this 6th day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge